ANDREA T. MARTINEZ, United States Attorney (#9313)
AARON B. CLARK, Assistant United States Attorney (#15404)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LATASHA DENISE GRIFFIN,<br><br>Defendant. | CASE NO: 2:21cr00478-DBB<br><br>MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND TO SET A NEW TRIAL DATE<br><br>Judge David Barlow |

The United States of America, by and through the undersigned Assistant United States Attorney, moves this court for an order that excludes time from the Speedy Trial Act calculation and that sets a new trial date.

### BACKGROUND

This case was set for trial on April 1, 2022. The triggering date for Speedy Trial Act purposes is December 16, 2021, the date of GRIFFIN's arraignment on the Indictment.

Beginning on March 12, 2020, the court entered numerous general orders dealing with court operations during the COVID-19 pandemic and suspending jury selection and jury trials. *E.g.*, D. Ut. General Orders 20-008, 20-009, 20-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, 22-002, and 22-004 (incorporated herein by reference).

The orders contained facts about the state of the COVID-19 health crisis, including the procedural and practical challenges to seating a jury in the midst of the pandemic, and the Utah Governor's Stay Safe, Stay Home directive. By court order, time was excluded from the speedy trial calculation pursuant to the ends of justice exclusion under 18 U.S.C. § 3161(h)(7)(A).

In March 2021, the court announced it was moving to Phase II of its phased reopening plan, effective April 1, 2021. D. Ut. General Order 21-003. The court remained in Phase II for the remainder of 2021. *See*, *e.g.*, D. Ut. General Order 21-015. However, on January 5, 2022, the court entered an order returning court operations to Phase I because of "conditions related to the Omicron variant and its impact in the District" and vacating jury trials scheduled between January 5 and February 14, 2022. D. Ut. General Order 22-002 at 3. The court explained:

> Utah and the nation remain in the midst of the most serious global pandemic in over a century. And the rapid increase of cases resulting from the widespread circulation of the highly contagious Omicron variant presents the possibility that the next several weeks may see the highest daily count totals in Utah since the pandemic began. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. The Centers for Disease Control and Prevention (CDC) continues to issue and modify guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.
>
> Globally, it is estimated that over 280 million people have been infected by the COVID-19 virus, resulting in nearly 5.5 million deaths. It's likely that those numbers significantly underestimate the actual cases and deaths. There are nationwide now nearly 55 million cases of Americans infected with COVID-19, and over 820,000 confirmed deaths. Utah has now confirmed more than 650,000 cases, resulting in nearly 28,000 hospitalizations and more than 3,800 deaths. Positive case counts are accelerating in Utah, throughout the nation, and around the globe. Daily case counts in Utah are near or above the highest point since the pandemic began. Utah posted this week the highest daily number of new cases and deaths, and the seven-day rolling case average is at the highest point since the pandemic began. COVID-19 test positivity rates in Utah suggest significant community spread, and infection rates are climbing rapidly in response to the new Omicron variant. The state has been unable for many months [sic] reduce infection and diminish serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding at disappointing levels in Utah where the percentage of vaccinated persons in Utah remains below rates in many neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.

> Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah.  The Court further concludes the recent significant deterioration in conditions presents an acute risk to the court community and the community at-large.  The personal safety of the court community and those we serve remains the Court's top priority.  While safety protocols and other measures have enabled the court to safely operate for many months in Phase II of the Court's phased reopening plan, the Court concludes it can no longer do so.

*Id.* at 4-5.

The Court continued criminal trials through February 14, 2022, and excluded time under the Speedy Trial Act:

> **Speedy Trial Act:**  For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, and 21-015, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between January 1, 2022, and February 14, 2022, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through February 14, 2022, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.
>
> In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The Court continues to experience restrictions on access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

> Beyond that, the health risks associated with trial remain acute in Utah and throughout the nation. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. The Court concludes it is no longer possible to safely host even one jury trial at a time in space available in the courthouse. Empaneling and hosting a jury, including facilitating jury selection and jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.
>
> Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id*. at 6-7.

On February 9, 2022, the court announced that it was moving back to Phase II, effective February 14, 2022. D. Ut. General Order 20-004. The court explained:

> Conditions related to the pandemic generally and the Omicron variant more specifically have improved sufficiently in the last few weeks to permit the resumption of jury trials and transition to Phase II of the Court's phased reopening plan. For the reasons explained below, the Court will move back to Phase II of the Court's phased reopening plan, including resumption of jury trials, effective February 14, 2022.
>
> Utah and the nation remain in the midst of the most serious global pandemic in over a century. However, the recent rapid increase of cases resulting from the widespread circulation of the highly contagious Omicron variant has given way to rapid and significant decreases in new daily cases. Daily case counts remain at dangerous levels surpassed in the last two years only by the peak numbers in recent week. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. The Centers for Disease Control and Prevention (CDC) continues to issue and modify guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.
>
> Globally, it is estimated that nearly 400 million people have been infected by the COVID-19 virus, resulting in more than 5.7 million deaths. It's likely that those numbers significantly underestimate the actual cases and deaths. There are nationwide now over 76 million cases of Americans infected with COVID-19, and over 900,000 confirmed deaths. More than 4,000

4

Utahns have died and nearly 32,000 hospitalized as a product of more than 900,000 cases in the State. Positive case counts are starting to decrease in Utah, throughout the nation, and around the globe. However, save for the peaks associated with the Omicron surge over the last month or so, daily case counts in Utah remain near or above the highest point since the pandemic began. COVID-19 test positivity rates in Utah indicate significant ongoing community spread, and infection rates remain near all-time highs. The state has been unable for many months [sic] reduce infection and diminish serious disease, particularly among those who are not vaccinated. Vaccinations are proceeding at disappointing levels in Utah where the percentage of vaccinated persons in Utah remains below rates in many neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah. However, the Court further concludes the recent improvement in conditions in recent weeks allows the court to return to Phase II operations throughout the Court.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will return on February 14, 2022 to Phase II of its phased reopening plan, and will remain in Phase II through March 31, 2022, as described below. More information is available on the COVID-19 Information Center.

*Id.* at 3-5.

The court ordered:

1. **Jury Trials:** Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions again safely permit limited jury trials – up to one civil and one criminal jury simultaneously at a time in the courthouse. The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled. The Court will continue to monitor conditions, expecting that conditions will at some point permit the Court to simultaneously host more than one criminal and one civil petit jury at a time. Additional jury trials will be scheduled accordingly. Questions concerning prospective scheduling of jury trials should be directed to the assigned judge in each case.

2. **Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, and 22-002, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic[,] the period of time between February 14, 2022, and March 31, 2022, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and

> "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).] The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The ongoing health emergency arising from the COVI D-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through March 31, 2022, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.
>
> In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.
>
> Beyond that, the health risks associated with trial remain acute in Utah and throughout the nation. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. The Court concludes it is no longer possible to safely host more than one criminal jury and one civil jury at a time in space available in the courthouse. Empaneling and hosting additional juries, including facilitating jury selection and jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.
>
> Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 5-7.

//

//

//

**DISCUSSION**

Here, the time between April 1, 2022, and the new trial date should be excluded from the Speedy Trial Act for the reasons set forth in Order 22-004, as well as for the additional reasons set forth below.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The time between April 1, 2022, and the new trial date should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

General Order 22-004, set forth above, explained the difficulties associated with conducting trials at this time, due to the COVID-19 pandemic, and the United States requests that the court now make the necessary individualized findings in this case. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure generally cannot be harmless. *Id.* at 509.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

7

As General Order 22-004 reflects, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption). Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. In addition to concerns for prospective jurors' health and the ability of the Court to obtain—and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

In addition, due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Trial in this case was originally set for February 18, 2022. On February 10, 2022, however, the Court, citing General Order 20-009, excluded time and continued trial until April 1, 2022.

Opposing counsel DOES NOT object to this motion.

//
//
//
//
//
//
//
//

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A), and schedule a new trial date.

DATED this 22nd day of March, 2022.

ANDREA T. MARTINEZ
UNITED STATES ATTORNEY

/s/ *Aaron B. Clark*

AARON B. CLARK
Assistant United States Attorney